[Cite as *In re O.D.*, 2023-Ohio-1559.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| IN RE: O.D. | C.A. Nos.   30526 |
| C.D. | 30527 |

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 21-08-000639
DN 21-08-000640

DECISION AND JOURNAL ENTRY

Dated: May 10, 2023

STEVENSON, Judge.

**{¶1}** Appellant Father appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated his parental rights and placed his children in the permanent custody of Summit County Children Services Board ("CSB" or "the agency"). This Court affirms.

I.

**{¶2}** Mother and Father are the biological parents of O.D. and C.D., twins born January 26, 2020. Mother has an older child, J.D., who is not a subject of this appeal, but his circumstances are relevant. Father is not J.D.'s biological father.

**{¶3}** Mother and Father have a history of substance abuse and domestic violence. Those circumstances led to CSB's involvement with the family in 2019 and 2020, resulting in the siblings' adjudications as dependent children. Around the same time, Mother obtained a domestic

violence civil protection order against Father. The juvenile court later returned the three children to Mother's care after she completed mental health and substance abuse treatment.

{¶4} In August 2021, CSB again filed complaints in the juvenile court, alleging that the three children were abused, neglected, and dependent. Mother and Father were actively using drugs together, Mother was experiencing periods of drug-induced psychosis, and Father was routinely violating the protection order. CSB removed the children from Mother's home. The agency placed J.D. with a maternal aunt and O.D. and C.D. with their maternal grandparents ("Grandparents"). The juvenile court adjudicated the children dependent and placed them in the temporary custody of CSB. The agency maintained the children in the homes of their respective placements with relatives.

{¶5} The juvenile court adopted the agency's case plan as an order. The case plan goal was reunification and both parents had objectives designed to address basic needs, drug use, mental health, and domestic violence issues.

{¶6} After the children's adjudications, Father stopped attending court hearings. The juvenile court continued the children in the agency's temporary custody after two review hearings. Thereafter, CSB modified Father's case plan objectives based on his refusal to meet with the caseworker, submit to drug screens, and participate in services. In addition, Father had missed four out of his past five visits. Accordingly, CSB required Father to contact the agency if he wished to establish a consistent relationship with the children and re-engage in substance abuse and mental health treatment. His remaining objective was to establish stable housing. No party objected to the amended case plan, and the juvenile court adopted it as an order.

{¶7} Eleven months into the cases, CSB moved for permanent custody. The agency alleged that the twins could not or should not be returned to their parents, that Father had

abandoned the children, and that permanent custody was in their best interest. Father moved for a six-month extension of temporary custody or, alternatively, for legal custody.

{¶8} Mother waived her right to a hearing on the agency's permanent custody motion. At the hearing, CSB presented the testimony of the caseworker, and the guardian ad litem presented his report. Although Father did not present a case in chief, his attorney cross-examined both witnesses. After consideration, the juvenile court issued a judgment denying Father's motions and granting permanent custody of O.D. and C.D. to CSB.

{¶9} Father timely appealed. In lieu of a merit brief, appellate counsel filed a brief on Father's behalf pursuant to *Anders v. California*, 386 U.S. 738 (1967), and sought permission to withdraw from further representation in this appeal. Appellate counsel served Father with a copy of the brief, and this Court's magistrate issued an order allowing Father the opportunity to file a response. Father has not responded.

II.

{¶10} Father's appellate counsel submitted three possible issues for review. Specifically, counsel asked whether (1) Father's rights were violated by any of the proceedings below, (2) Father preserved any other issues for appeal, and (3) there was sufficient evidence to grant the agency's motion for permanent custody. Counsel concluded that all three issues lack merit.

{¶11} Upon consideration of the first two issues, this Court agrees with appellate counsel that those issues lack merit. As an initial matter, to the extent that Father references any issues related to the adjudications and initial dispositions of the children or raises broad constitutional challenges, we conclude that such challenges are untimely and we decline to address them. *See In re N.L.*, 9th Dist. Summit No. 27784, 2015-Ohio-4165, ¶ 51-52.

{¶12} This Court's full and independent examination of the proceedings leads us to the conclusion that the juvenile court accorded Father all required procedural and substantive rights. CSB effected proper service of the complaint and the motion for permanent custody on Father. *See In re C.H.*, 9th Dist. Summit No. 29995, 2021-Ohio-3992, ¶ 26-27. He received notice of every hearing. Father requested the appointment of counsel. Father's counsel was present at every hearing and actively participated in support of Father's interests. Father did not object to any decisions of the magistrate or move to set aside any orders. The agency caseworker established a case plan with objectives designed to facilitate reunification of the children with their parents. Upon due consideration, this Court agrees with appellate counsel and concludes that Father suffered no deprivation or violation of any procedural or substantive rights and that Father failed to preserve these and any other issues for appeal, except for an argument that the judgment lacked evidentiary support.

{¶13} As to appellate counsel's evidentiary issue, we agree that the evidence supports the juvenile court's judgment awarding permanent custody of the children to the agency. Before a juvenile court may terminate parental rights and award permanent custody of a child to a proper moving agency, it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned; orphaned; has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; the child or another child of the same parent has been adjudicated abused, neglected, or dependent three times; or that the child cannot be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D)(1). R.C. 2151.414(B)(1) and 2151.414(B)(2); *see also In re William S.*, 75 Ohio St.3d 95, 98-99 (1996). The best interest factors include: the interaction and

interrelationships of the child, the wishes of the child, the custodial history of the child, the child's need for permanence and whether that can be achieved without a grant of permanent custody, and whether any of the factors outlined in R.C. 2151.414(E)(7)-(11) apply. R.C. 2151.414(D)(1)(a)-(e); *see In re R.G.*, 9th Dist. Summit Nos. 24834 and 24850, 2009-Ohio-6284, ¶ 11. Clear and convincing evidence is that which will "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal quotations omitted.) *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶14} Mother waived her right to a hearing and does not challenge the award of permanent custody. As to Father, the juvenile court found CSB satisfied the first prong of the permanent custody test by proving that Father had abandoned the twins. R.C. 2151.011(C) provides that "[f]or purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."

{¶15} The CSB caseworker testified that Father attended seven visits with the children throughout the 15-month duration of the case. His last contact with the children occurred 108 days before the agency filed its permanent custody motion and more than seven months prior to the hearing. During that period, Father never contributed to the children's support, attended any of their appointments, or inquired about their well-being. The clear and convincing evidence established that Father had abandoned O.D. and C.D.

{¶16} Moreover, CSB proved that an award of permanent custody to the agency was in the children's best interest. O.D. and C.D. were not yet three years old at the time of the hearing.

During two separate cases, the children were in the agency's custody for 22 months. While not in agency custody, the children were in Mother's legal custody.

{¶17} During both cases, CSB placed the children with Grandparents, with whom the twins share a strong bond. Because of the girls' young ages and Father's sparse contact with them, O.D. and C.D. have no bond with Father. The children have a close relationship with their half-brother who is in the legal custody of their maternal great grandparents with whom they visit regularly.

{¶18} The twins were too young to express their wishes for custody, so the guardian ad litem spoke on their behalf. The guardian ad litem opined that an award of permanent custody is in the children's best interest. He premised his opinion on Mother's decision not to challenge the agency's motion, Father's abandonment of the children, and the well-being of the children in an appropriate home with relatives who were willing to adopt them.

{¶19} These young children deserve permanency. The evidence established that Grandparents were meeting the children's basic and special needs in a safe and stable home environment. Grandparents are healthy and willing to provide a permanent home for the twins. Mother declined to pursue reunification. Father abandoned the children and made no effort to engage in case plan services designed to facilitate his reunification with the girls. He failed to participate in mental health counseling and substance abuse treatment. He consistently refused to submit to drug testing. Father did not verify his financial ability to meet the children's basic needs. In fact, he failed to maintain contact with the agency caseworker for much of the case.

{¶20} Upon review of the record, this Court agrees with Father's appellate counsel that clear and convincing evidence supports the juvenile court's judgment awarding permanent custody

of O.D. and C.D. to CSB. Accordingly, an evidentiary challenge does not present a meritorious and nonfrivolous issue for consideration on appeal.

## III.

**{¶21}** Having independently and fully reviewed the record and having found that no appealable issues exist, this Court concludes that Father's appeal is meritless and wholly frivolous pursuant to *Anders, supra*. Father's appellate counsel's motion to withdraw from further representation is granted. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ALEXANDRA HULL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.